Argued July 7, affirmed December 1, 1971

SAUNDERS ET AL, *Appellants, v.* SAUNDERS ET AL, *Respondents.*

490 P2d 1260

*Norman N. Griffith,* Portland, argued the cause for appellants. With him on the briefs was Howard P. Arnest, Portland.

*Thomas R. Williams,* Cottage Grove, argued the cause for respondents. On the brief were Williams & Ackley, Cottage Grove.

Before O'Connell, Chief Justice, and McAllister, Holman, Tongue, Howell and Bryson,* Justices.

O'CONNELL, C. J.

This is a suit brought by the heirs of W. M. Saunders to impress a trust upon property devised to Blanche A. Saunders, his widow, now deceased. Plaintiffs appeal from a decree in favor of defendants.

W. M. Saunders died in 1947 leaving his second wife, Blanche A. Saunders, and six children, three by Blanche and three by his first wife. W. M. Saunders' will contained the following paragraph:

"SECOND, I give and bequeath unto my wife, Blanche A. Saunders all of my property of which I shall die seized and possessed, including real, personal and mixed property of every kind and character wheresoever situated for her use and benefit so long as she remains unmarried, and in the event of the marriage of my said wife, it is my will that she have one-half of all my property of which I shall die seized and possessed including real, personal and mixed property of every kind and character wheresoever situated and that the remainder thereof be divided equally among my children, to-wit: Cecil A. Saunders, Raymond Saunders, Ruby Cramer, Wesley Saunders, Nordelle Wilder and Carl B. Saunders."

Blanche A. Saunders never remarried. She died testate in 1969. Defendant Wesley O. Saunders is the executor of her estate. Plaintiffs Cecil A. Saunders and Raymond M. Saunders are children of W. M. Saunders by his first marriage. The other plaintiffs are the children of Ruby Saunders Cramer, his daughter by the first marriage.

---

* Bryson, J., did not participate in this decision.

Plaintiffs contend that under the provision of the will set out above Blanche received only a life estate and that since the will did not provide for the contingency of Blanche dying without remarrying, the property passed intestate to plaintiffs and the other heirs of the testator.

On the other hand defendants, children of the second marriage, argue that the will created in Blanche a fee simple estate subject to defeasance only in the event of her remarriage and that when she died not having remarried the estate in fee simple became absolute.

It is to be noted that even if Blanche had remarried she would have been entitled under the will to at least an undivided one-half of testator's estate in fee simple; the other one-half going to the named children of the testator. The testator having devised to Blanche an absolute fee simple interest in one-half the estate whether or not she remarried, it is not unreasonable to assume that testator also intended to devise to her a fee, although a defeasible one, during the time she remained unmarried.

The fact that the wife was given a part of the same property in fee in the event of her remarriage has been relied upon by some courts in holding that the will passes a defeasible fee simple estate.[1] The conclusion that a fee is intended to pass has been based upon additional factors. Thus, the fact that the will

---

[1] Anderson v. Anderson, 150 Or 476, 46 P2d 98 (1935); Lewis v. Searles, 452 SW2d 153 (Mo 1970). For other cases relying on this factor, see Comment, Real Property—"To My Wife So Long As She May Remain My Widow"—Determinable Fee or Life Estate, 1951 Wash U L Q 595, 597, n. 6. See also, Comment, "So Long As She Remains Single" Construction and Validity, 36 Mo L Rev 415 (1971).

fails to provide for a gift over upon remarriage has been deemed significant in deriving the testator's intent.[2]

Likewise, the policy against partial intestacy has been a factor in finding an intent to devise a determinable fee rather than a life estate. And support for such a construction is sometimes found in statutes eliminating the necessity for words of inheritance to pass a fee or statutes providing, in effect, for a construction preference in favor of the passing of a fee rather than a lesser estate.[3]

The foregoing considerations relied upon in the cases cited in the margin and more fully discussed in the periodical comments prompt us to sustain the holding of the trial court.[4]

Plaintiffs urge that the fact that the testator devised the property to his wife "for her use and benefit" is indicative of his intent to limit her interest to a life estate. We do not regard these words as compelling that conclusion. Whether testator's wife received a life estate or a fee, the property would be of value to her only to the extent that she could use it or otherwise derive a benefit from it.[5]

---

[2] Lewis v. Searles, *supra.* Other cases in point are collected in 1951 Wash U L Q, *supra,* n. 9 at 598.

[3] See generally, comments cited above and cases in 1951 Wash U L Q, *supra,* n. 11 at 599. See also ORS 112.355: "A devise of property passes all of the interest of the testator therein at the time of his death, unless the will evidences the intent of the testator to devise a lesser interest."

Cf. ORS 114.230 (1), now repealed by Oregon Laws 1969, ch 591 § 305.

[4] Closely in point is Anderson v. Anderson, supra 150 Or 476, 46 P2d 98 (1935).

[5] For cases holding that the term "use and benefit" is not controlling, see 4 Page on Wills, § 37.7, note 13 (Rev. Ed. 1961).

We hold that the will created in Blanche A. Saunders a fee simple estate defeasible upon her remarriage and that since she died not having remarried, her will passed a fee simple absolute to her devisees.

The trial court properly sustained the demurrer to the complaint and therefore the decree of the trial court is affirmed.